# Wytheville.

## RICHARDSON v. WYMER.

### June 22, 1905.

1. EJECTMENT—*Plaintiff's Title—Case at Bar—Sale Under Void Execution.*—Land was sold under an execution in favor of the Commonwealth and bonds given by the purchaser for the purchase price and returned by the sheriff, but not paid. Subsequently another execution was issued on the same judgment, and levied on the same land, then in possession of the first purchaser. At this sale the first purchaser again became the purchaser and time was given him to execute the bond required by law, but he failed to do so, and the land was again offered for sale on the same day, when defendant in error became the purchaser and paid the purchase money, and the sheriff conveyed the land to him. The second purchaser then brought ejectment against the first purchaser, who offered to show the above stated facts with reference to the first sale, in order to show that the second execution was void. The trial court excluded the evidence.

*Held:*

1. The evidence in favor of the plaintiff is sufficient to entitle him to recover.

2. The second execution was valid, and there was no error in rejecting the offered evidence as it entirely fails to prove the satisfaction of the judgment.

Error to a judgment of the Circuit Court of Smyth county in an action of ejectment. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*G. H. Fudge* and *H. N. Bell,* for the plaintiff in error.

*A. M. Dickenson,* for the defendant in error.

Keith, P., delivered the opinion of the court.

J. P. Wymer instituted an action of ejectment to recover twenty-three acres of land from W. R. Richardson. In support of his claim he offered in evidence a deed from B. F. Buchanan, commissioner in the chancery suit of *F. McMullin's Administrator* v. *J. H. Stephenson,* and V. S. Morgan, of the first part, and W. R. Richardson, Mary E. Richardson, and James E. Richardson, of the second part, conveying a tract of land supposed to contain ninety acres, more or less, to William R. Richardson; also a deed of partition in the chancery suit of *Dickinson* v. *Richardson,* in which the land was divided into three equal parcels and assigned and conveyed to the parties entitled, the parcel allotted to Mary E. Richardson having been conveyed to her under the name of Maim Springs; and a deed from J. V. Richardson, sheriff and commissioner, conveying the land in controversy in this suit to J. P. Wymer, the defendant in error.

With respect to the last mentioned deed, it appears that on the 20th of May, 1902, there was issued from the clerk's office of the County Court of Smyth county an execution in the name of the *Commonwealth of Virginia* v. *Maim Springs,* in the sum of $100.00, fine, and $23.82 costs, upon a judgment obtained against her on the 18th of August, 1890; that the execution was issued on the 20th of May, 1902; that it was levied on June 11, 1902, on the tract of land containing $23\frac{3}{4}$ acres, which had been assigned to Maim Springs, as aforesaid, in the case of *Dickinson* v. *Richardson,* and that at the sale under the execution J. P. Wymer became the purchaser at the price of $187.00, which having been fully paid off and discharged, a deed was executed to him by the sheriff, conveying him the land purchased, with special warranty.

It appears from the testimony of the defendant in error that W. R. Richardson was at the time of the purchase in possession

of the land; that he was the father of Maim Springs, to whom the land belonged, but who had not lived upon it for about twelve years; and that her father, the defendant, had during that time been in possession and control of it as her agent.

The defendant, to maintain the issue upon his part, offered to introduce an execution upon the same judgment, dated the 26th of June, 1891, the return on which shows that it was levied on the land of Maim Springs, now in controversy; that the land was sold under this execution on the 19th of October, 1891; and that the purchaser gave bond and surety according to law, and that the bond was returned to the clerk's office. The defendant also offered the deposition of John R. Cooley, who states that he was one of the sureties upon the bond given at the sale under the execution of 1891, but he wholly fails to prove that this bond, or any part of it, had ever been paid, nor does he know what became of it. He cannot recall the date or the amount with any degree of certainty, but he states that Maim Springs and her father, W. R. Richardson, were the principals, and he and one Stephen Richardson, who is now dead, were the sureties. It further appears that before Wymer purchased the land the sheriff offered it for sale, and that W. R. Richardson, the defendant, was the highest bidder, and that it was knocked off to him for $240.00; that time was given him to execute the bond required by law; and that he failed to give it; and that the land was again offered for sale on the same day when Wymer became the purchaser.

Thereupon the jury found a verdict for the plaintiff, upon which the court entered judgment, and the defendant in the court below applied for and obtained a writ of error from one of the judges of this court.

The first assignment of error is that the evidence of the plaintiff is insufficient to entitle him to recover; but we are of opinion that it makes out a case quite sufficient to support the verdict of the jury.

The principal reliance of plaintiff in error, however, is that the court erred in refusing to admit in evidence in his behalf the execution of June 26, 1891, with the endorsements thereon, and the deposition of John R. Cooley; his contention being that this proof is sufficient to show satisfaction of the judgment against Maim Springs, and that, having been satisfied, the execution which was issued on May 20, 1902, was null and void.

It is true that no execution can be issued upon a satisfied judgment, but the evidence offered entirely fails to prove the satisfaction of the judgment. It shows that an execution was issued and that a sale was made under it, but there are no facts in evidence which tend to prove that the purchase price of the land sold under the execution of 1891 was ever paid in whole or in part. Richardson, the plaintiff in error, was the purchaser at the sale under the first execution. He was the principal obligor in the bond given for the purchase price. He was present in court and was a competent witness, and it cannot be doubted that if the bond had been paid he would have testified to that effect; but so far from having done so, he became a bidder for the land under the second execution. It was knocked off to him, and, he failing to comply with the terms of the sale, it was again offered on the same day and purchased by the defendant in error. The levy of the execution upon which he relied and the sale under it did not constitute a satisfaction of the judgment upon which it issued unaccompanied by proof of the payment of the purchase price of the property sold, under the circumstances of this case.

The judgment of the Circuit Court is affirmed.

*Affirmed.*